[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2007
THOMAS K. KAHN
CLERK

No. 06-13904
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-61004-CV-WJZ

TRINA CARLSON,

Plaintiff-Counter-Defendant-Appellee,

versus

MARC E. BOSEM,
an individual,

Defendant-Appellant,

MARC E. BOSEM, M. D.,
P. A., a Florida corporation,

Defendant-Counter-Claimaint-Third-Party-
Plaintiff-Appellant,

versus

KENNETH CARLSON,

Third-Party-Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(June 28, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Defendants-Appellants Marc E. Bosem, M.D. and his professional association, Marc E. Bosem, M.D., P.A., appeal the award to Plaintiff-Appellee Trina Carlson of $13,846.95 in fees and costs on Carlson's motion for sanctions and contempt for the misconduct of Dr. Bosem and his lawyer during Dr. Bosem's deposition ("motion for sanctions"). No reversible error has been shown; we affirm.

Carlson, who previously worked for Dr. Bosem, filed a complaint against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216. As a result of a dispute between the parties about deposing Dr. Bosem in this case,[1] the district court issued an omnibus order directing that Dr. Bosem's

---

[1]Defendants filed a motion for a protective order and other relief, including sanctions, against Carlson's lawyer. In their motion, Defendants argued that Carlson "unilaterally scheduled" Dr. Bosem's deposition for a time when he was scheduled to meet with patients and that Carlson's lawyer had made frivolous allegations and launched "outrageous and unethical attacks" against Defendants and Defendants' lawyer. Carlson then filed a motion to compel the setting of Dr. Bosem's deposition and for sanctions against Defendants and Defendants' lawyer, asserting that Defendants' lawyer was verbally abusive and was obstructing the deposition process.

deposition take place on 10 January 2005. In its order, the district court

"remind[ed] the counsel of record of their obligation and responsibility to conduct

themselves in a professional, ethical, and courteous manner." The district court

also warned the parties that "[i]f the conduct thus far displayed in the written

submissions . . . continues the Court will consider imposing sanctions, including,

but not limited to contempt."

Although the parties began Dr. Bosem's deposition on 10 January 2005, the

deposition ended before it was completed. Carlson then filed her motion for

sanctions.[2] In considering Carlson's motion, the district court determined that Dr.

Bosem engaged in most of the acts that had caused his deposition to end. Because

the district court's earlier omnibus order had warned the lawyers involved in this

---

[2]The district court held an evidentiary hearing on Carlson's motion; and during this hearing, several witnesses, including Carlson and Dr. Bosem, testified about what occurred during Dr. Bosem's deposition. Based on this testimony, the conduct of the participants at the deposition -- which took place at Dr. Bosem's office -- included: (1) Dr. Bosem set up and turned on a video recorder in the deposition room, even though the deposition was not scheduled to be video recorded; (2) Dr. Bosem refused to retrieve a chair for Carlson's lawyer to use during the deposition; (3) while closing the door to the deposition room, Dr. Bosem abruptly pushed the court reporter's chair, which caused the court reporter to fall out of her chair; (4) after falling out of her chair, the court reporter stepped out of the deposition room to calm herself; (5) the court reporter told Dr. Bosem that she had been a court reporter for 40 years and never had been treated in such a harsh manner; (6) Dr. Bosem's lawyer suggested to the court reporter that she was too old for her job; (7) Dr. Bosem and his lawyer criticized the court reporter for taking too long in setting up a tape recorder; (8) Dr. Bosem initially insisted that the parties not take a lunch break during the deposition but later agreed to a lunch break; (9) during the lunch recess, the court reporter called her supervisor to report how she had been treated by Dr. Bosem; and (10) the court reporter's supervisor told the court reporter to leave the deposition, which the court reporter did; so the deposition ended prematurely.

case -- but did not specifically warn the parties -- to act in a "professional, ethical, and courteous manner," the district court explained that contempt of court was not the most appropriate sanction. Instead, the district court ordered that Dr. Bosem's deposition be re-scheduled and conducted before a special master appointed by the district court. The district court also ordered that Dr. Bosem and his lawyer pay all fees and costs incurred by Carlson in connection with her motion for sanctions as well as the cost of using the special master. Carlson later petitioned for payment of $13,846.95 in fees and costs associated with her motion for sanctions, which the district court approved.

On appeal, Defendants first contend that the district court erred in not specifying the legal basis for its award of fees and costs to Carlson. Defendants also argue that the district court's order should be reversed because the district court did not (1) award Carlson all the relief that her motion sought -- an order of contempt and sanctions against Dr. Bosem and his lawyer, or (2) make particularized findings that Dr. Bosem and his lawyer acted in bad faith.[3]

---

[3]We note that Defendants do not challenge either the district court's requirement that Dr. Bosem and his lawyer pay the costs for the special master or the calculation of Carlson's fees and costs associated with her motion for sanctions. And Defendants do not argue on appeal that the district court's factual findings, which supported its conclusion that Dr. Bosem was chiefly responsible for the premature termination of the deposition, were not supported by the record.

We first address whether the district court provided a legal basis for its award of fees and costs to Carlson. In its order imposing sanctions on Dr. Bosem and his lawyer, the district court explained (1) that its earlier omnibus order setting the deposition date for Dr. Bosem was entered pursuant to Fed.R.Civ.P. 37(a) and (2) that Fed.R.Civ.P. 37(b) authorizes, among other things, a court to require a party, or his lawyer, to "pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with an order made under Fed.R.Civ.P. 37(a).[4] Therefore, we reject Defendants' argument that the district court failed to specify a legal basis for its award of fees and costs to Carlson.

"Sanctions allowed under [Fed.R.Civ.P.] 37 are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir. 1993). "[T]he standard of review for an appellate court in considering an appeal of sanctions under [R]ule 37 is sharply limited to a search

---

[4]In addition to explaining the applicability of Rule 37 to this case, the district court also noted that Fed.R.Civ.P. 30(d)(3) provides that sanctions may be imposed on a person causing a delay or otherwise frustrating the examination of a deponent and that 28 U.S.C. § 1927 authorizes a court to sanction a lawyer who "multiplies the proceedings in any case unreasonably and vexatiously."

for an abuse of discretion . . . ." BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048 (11th Cir. 1994) (internal quotation omitted).

We turn to Defendants' assertion that the district court erred in imposing sanctions on Dr. Bosem and his lawyer without also holding them in contempt. Defendants contend that Carlson did not prevail on the request raised in her motion for sanctions that Dr. Bosem and his lawyer be held in contempt; so Defendants assert that Dr. Bosem and his lawyer should not have to pay Carlson's costs to prepare and file her motion. As we have discussed, the district court explained that, although Dr. Bosem committed most of the acts causing the deposition to end before its completion, contempt was "not the most appropriate sanction" because the district court's prior omnibus order focused its warning about behavior at Dr. Bosem's deposition on the parties' lawyers and not on the parties themselves. We note that the district court's omnibus order had warned that continued problems with Dr. Bosem's deposition could result in sanctions "not limited to contempt"; and we see no reversible error in the district court's approach.

Defendants' contention that the district court was required to find that Dr. Bosem and his lawyer had acted in bad faith before ordering sanctions against them is also without merit. See Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154,

6

1162 (11th Cir. 1993) ("[T]he 1970 amendments [to Rule 37] were specifically enacted to eliminate the possibility that a bad faith requirement would be read into the rule, and they contain no suggestion that bad faith should remain a prerequisite . . . . We are satisfied that [Rule] 37(b)(2) . . . demands no demonstration of bad faith."); BankAtlantic, 12 F.3d at 1049 (reviewing imposition of monetary sanctions pursuant to Fed.R.Civ.P. 37 and explaining that "[o]ur caselaw is clear that only in a case where the court imposes the most severe sanction -- default or dismissal -- is a finding of willfulness or bad faith failure to comply necessary").

We affirm the decision of the district court.

**AFFIRMED.**